IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00219-BNB

CHARMAYNE N. STEVENSON,

     Plaintiff,

v.

ARI ZAVARAS, and
C/O TROTTA,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 6 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Charmayne N. Stevenson, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Stevenson, acting *pro se*, initiated this action on February 2, 2010, by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Ms. Stevenson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Stevenson will be ordered to amend the Complaint.

Ms. Stevenson asserts that her Eighth Amendment rights were violated when Defendant Trotta used excessive force against her on two occasions: (1) when he placed her against the wall and handcuffed her; and (2) when he slammed her shoulder against a door. Ms. Stevenson further asserts that her wrists were injured because the

handcuffs were too tight and that she was not taken to the medical department until the next day. Ms. Stevenson seeks money damages and injunctive relief.

Although Ms. Stevenson asserts claims against Defendant Trotta, she does not assert a claim against Defendant Ari Zavaras. Ms. Stevenson must demonstrate how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Stevenson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Stevenson further is instructed that she must explain what each defendant did to her; when the defendant did it; how the defendant's action harmed her; and what specific legal right she believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Ms. Stevenson file an Amended Prisoner Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Stevenson, together with a copy of this Order, two copies of the Prisoner Complaint form for use in

2

filing the Amended Prisoner Complaint.  It is

FURTHER ORDERED that if Ms. Stevenson fails to file an Amended Prisoner

Complaint that complies with this Order, within the time allowed, the action will be

dismissed without further notice.

DATED March 16, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00219-BNB

Charmayne N. Stevenson
Prisoner No. 140433
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/16/10

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk